```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EL REDDING, | Civil Action No. 09-3433 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CHARLOTTE SIMMS, et al., | |
| Defendant. | |

**SIMANDLE, District Judge**:

This case is before the Court upon preliminary review of a complaint submitted for filing by the Plaintiff, El Redding.  The Plaintiff has sought leave to proceed *in forma pauperis*, and in such a case, the Court is called upon to determine whether the Plaintiff should receive leave to proceed without prepayment of fees, and then to determine whether the complaint is frivolous, malicious, or fails to state a cause of action under 28 U.S.C. § 1915(e)(2)(B).

The Court has reviewed Ms. Redding's affidavit in support of her application to proceed without prepayment of fees.  The Court finds that she is unable to pay the costs of these proceedings, based upon the information in her affidavit.  Accordingly, the Court signed an Order on August 25, 2009, directing the Clerk to file the complaint.

The Court has also directed that no summons shall be issued until the Plaintiff files an amended complaint, because her present complaint fails to identify a cause of action, or the basis of the Court's jurisdiction.

It is true that a plaintiff, proceeding without the benefit of an attorney, should be granted considerable latitude in her attempts to comply with the Court's rules of pleading. Therefore, the Court will give guidance to Plaintiff regarding the various deficiencies that prevent her case from going forward at this time.  These deficiencies include:

1.   <u>Lack of Jurisdiction</u>.  The Complaint fails to state a basis for this Court's jurisdiction.  Every complaint is required to contain "a short and plain statement of the grounds of the court's jurisdiction."  Rule 8(a)(1), Fed. R. Civ. P.  This appears to be a landlord-tenant dispute which will ordinarily not lie within the jurisdiction of this Court.  The Plaintiff and the Defendants all appear to be residents of New Jersey, so diversity jurisdiction is lacking.  Also, there is no indication that the required amount for diversity jurisdiction is present, namely $75,000 in dispute, as required by 28 U.S.C. § 1332, which is the diversity jurisdiction statute.

2.   <u>Class Action Impermissible</u>.  The Complaint purports to include a second group of Plaintiffs, namely "Harvest House Senior Residents."  Nobody other than the Plaintiff has signed the complaint, so E. L. Redding is the only Plaintiff.  Ms.

2

Redding does not appear to be an attorney, and therefore she is not permitted to represent any other persons in this case. Accordingly, if this case is to go forward, the amended complaint cannot contain the names or descriptions of persons who are not themselves plaintiffs.

    3.   <u>Failure to State a Claim</u>.  Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed. R. Civ. P.  A liberal reading of the complaint suggests that the plaintiff is complaining that a bar fell in plaintiff's apartment, breaking items under it and causing a cut to plaintiff's foot.  Efforts to cure the problem were unsuccessful, and plaintiff is unhappy with the resolution of her complaint.  The Complaint states, "Whistle Blower Statute" in a paragraph labeled "Cause of Action", with the plaintiff that she is harassed because she is "fighting back."  If plaintiff means to invoke the New Jersey Whistleblower Protection Act, that statute generally protects employees from adverse employment actions during the scope of their employment where they raise issues of public policy.  As a New Jersey statute, this Court would have authority to apply that law only if there is diversity jurisdiction present.  As noted above, it appears that diversity of citizenship is lacking.  While plaintiff's jurisdictional statement mentions rights of "life, liberty and pursuit of happiness", the complaint presents either a personal injury claim for her damage from the falling bar or a

landlord-tenant dispute regarding the condition of her apartment. The U.S. Constitution protects against the deprivation of liberty or property without due process of law, but the complaint makes no allegation that she has been deprived of either liberty or property.  A denial of "liberty" generally means being detained or restrained by persons acting under color of state law.  A deprivation of "property" generally is associated with the invasion of a person's protected property interests by the federal or state government or a federal or state employee or official acting under color of state law.

    Therefore, the Court will take no further action upon this Complaint in its present form.  The Court will extend to Elizabeth Redding the right to file an amended complaint which cures these problems within thirty (30) days of the entry of this Opinion and accompanying Order.  When Ms. Redding submits the amended complaint, the Court will review it for compliance with the above-stated requirements through the screening process of 28 U.S.C. § 1915(e)(2)(B).

    The accompanying Order is entered.


**August 31, 2009**　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　U.S. District Judge